[7 NYS3d 859]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JACOB OUTSEN, Defendant.

Justice Court of the Town of Taghkanic, Columbia County, February 20, 2015

## APPEARANCES OF COUNSEL

*Paul Czajka, District Attorney*, Hudson (*Carl Whitbeck* and *Shane Zoni* of counsel), for plaintiff.

*Michael Howard*, Hudson, for defendant.

### OPINION OF THE COURT

JEFFREY S. TALLACKSON, J.

The defendant, Jacob Outsen, was originally charged on September 14, 2012 with violations of Penal Law § 220.06, possession of a controlled substance (cocaine) in the fifth degree, and two counts of violating Penal Law § 221.05, unlawful possession of marihuana, subsequently reduced pursuant to section 180.50 of the Criminal Procedure Law to a charge of violating Penal Law § 220.03, criminal possession of a controlled substance in the seventh degree, a class A misdemeanor.

Following initial appearances, the People stated that they declined to prosecute the matter and urged that the charges should therefore be dismissed, a suggestion rejected by the court. The further rather tangled procedural history of this matter is set forth in the court's decision of December 19, 2014 (46 Misc 3d 1210[A], 2014 NY Slip Op 51926[U] [2014]). Following the then latest in a series of unproductive steps, this court in that decision (i) again rejected the arguments that the People's statement that they declined to prosecute was grounds, without more, for dismissal; (ii) stated that treating the People's and the defense's statements and arguments as a motion to dismiss, the motion was denied in all respects, no factual basis therefor having been presented; (iii) stated that the court would reschedule a pretrial conference promptly following a statement by the parties of their willingness and availability; and (iv) stated that failing that, the matter would remain pending unless and until otherwise properly resolved.

The parties again appeared before the court at its January 15, 2015 session. At that appearance, the Assistant District Attorney (ADA) representing the People stated initially that the People were not ready for trial. In response to questioning by the court, he stated specifically that the People were not saying that they declined to prosecute the case but that the "quality of the evidence" was not evidence the People were prepared to present at trial either at that time or at any time in the future. He declined to provide any description of the evidence or any further explanation of his statement. The court observed that the statement sounded like possible grounds for dismissal in the furtherance of justice pursuant to CPL 170.30 and 170.40 and inquired whether the People were moving for dismissal thereunder, to which the ADA stated he was not making such a

motion and had nothing to add. The court made the same inquiry of defense counsel, who similarly stated that he was not so moving.

The court was and is baffled by this passivity on the part of both the People and the defense, and reminds both, as it stated in its decision of December 19, 2014, that both the People and defense had an obligation to bring this matter to a resolution, whether by trial, an appropriate plea agreement acceptable to the court, or if suitable grounds exist by an appropriate motion to dismiss, whether in the furtherance of justice or on some other ground.

In light of the People's statements and the failure of either counsel to make an appropriate motion, the court stated that it would consider dismissal on its own motion as permitted by CPL 170.30 and 170.40, and inquired whether either party objected or wished a hearing thereon, to which the response of both parties to both questions was in the negative.

In considering such a dismissal, the court is required to examine and consider, individually and collectively, the matters set forth in CPL 170.40 (1) (a)-(j). The court has done so, considering most particularly but without limitation the fact that the People have in substance stated that they cannot prove the case. The court is of the view that, in light of the foregoing together with the burden that would arise out of reappearance or other further procedural steps to resolve the matter, which in any event evidently would not include a trial on the merits, prosecution would serve no useful purpose (CPL 170.40 [1] [j]), and that prosecution or conviction of the defendant would constitute or result in injustice (CPL 170.40 [1] [a]).

Accordingly, the court on its own motion dismisses the charges in furtherance of the interests of justice pursuant to CPL 170.30 (1) (g) and 170.40 (1).